IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**LADON A. STEPHENS,**

 Petitioner,

v.

**JOHN MYRICK,**

 Respondent.

No. 2:14-cv-1808-AC

OPINION AND ORDER

**MOSMAN, J.,**

On January 22, 2018, Magistrate Judge John Acosta issued his Findings and Recommendation ("F&R") [69], recommending that I DENY Mr. Stephens's Petition for Writ of Habeas Corpus [2]. Judge Acosta also recommended that I decline to issue a Certificate of Appealability because Mr. Stephens has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Mr. Stephens objected [74] to the F&R, and Mr. Myrick responded [75].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation and ADOPT the F&R [69] as my own opinion. Mr. Stephens's Petition for Writ of Habeas Corpus [2] is DENIED. In addition, I decline to issue a Certificate of Appealability because Mr. Stephens has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). I agree with Judge Acosta that Mr. Stephens's trial counsel offered an alternative theory about how Mr. Stephens sustained injuries and got L.B.'s blood on his shorts and did not concede Mr. Stephens's guilt as to the rape, burglary, and assault of L.B. Accordingly, the Supreme Court's decision to grant certiorari in *McCoy v. Louisiana*, No. 16-8255, which presents the question of whether it is unconstitutional for defense counsel to concede an accused's guilt over the accused's express objections, has no bearing on whether I should issue a Certificate of Appealability here.

IT IS SO ORDERED.

DATED this 30 day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge